Filed: 1/21/2022 3:50 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Tracie Morgan

Cause No. __63018__

| | |
|---|---|
| JOSHUA WOODS<br>*Plaintiff,*<br><br>v.<br><br>THE HILLSHIRE BRANDS COMPANY<br>AND TYSON FOODS, INC.;<br>*Defendants.* | IN THE DISTRICT COURT OF<br><br>HARDIN COUNTY, TEXAS<br><br>356TH<br>____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Defendants negligently manufactured and sold a defective frozen corn dog containing a broken stick, a fragment of which became lodged in Plaintiff's throat, requiring him to be transported by air ambulance to Houston and hospitalized. Because Defendants have refused to fairly compensate Plaintiff even for his medical expenses, Plaintiff brings this action for damages.

### I.   DISCOVERY

1. Solely to satisfy the requirements of TEX. R. CIV. P. 47(c), Plaintiff states that he seeks the relief described in Rule 47(c)(1).

2. Accordingly, this case is governed by the expedited actions procedures of TEX. R. CIV. P. 169 and discovery is to be conducted under Level 1 pursuant to TEX. R. CIV. P. 190.2.

### II.   PARTIES

3. Plaintiff Joshua Woods is an individual residing in Hardin County, Texas.



Filed: 1/21/2022 3:50 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Tracie Morgan

4. Defendant The Hillshire Brands Company ("Hillshire") is a corporation organized under the laws of the Maryland and doing business in Texas. It may be served by personal delivery to any employee of its registered agent, CT Corporation System, at its registered office, 350 North St. Paul Street, Dallas, Texas 75201.

5. Defendant Tyson Foods, Inc. ("Tyson") is a corporation organized under the laws of Delaware and doing business in Texas. It may be served by personal delivery to its registered agent, CT Corporation System, at its registered office, 350 North St. Paul Street, Dallas, Texas 75201.

6. On information and belief, Hillshire and Tyson did business under the assumed or common name "State Fair" or "State Fair Brands" in connection with the subject matter of this lawsuit—specifically, manufacturing and selling the State Fair brand corn dog at issue in this case. Plaintiff sues Defendants in their own names and sues the "State Fair" names and reserves the right to substitute the true names pursuant to Rule 28.

### III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this controversy under the general grant of jurisdiction to district courts under the Texas Constitution, because no other court has exclusive jurisdiction and because the amount in controversy is greater than the jurisdictional minimum.



8. This Court has general personal jurisdiction over Defendants because they have continuous and systematic contacts with Texas. Defendants have a large and permanent presence in Texas, owning and operating at least 11 factories in Texas. They are "essentially at home" in Texas.

9. Alternatively, this Court has specific personal jurisdiction over Defendants because they purposefully availed themselves of the right to do business in Texas and Plaintiff's claims arise from their contacts with Texas. Defendants manufactured the product at issue in Texas, marketed it in Texas, and distributed it to a retail store in Texas for sale to customers in Texas.

10. Venue is proper in Hardin County because all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Hardin County. Specifically, Plaintiff purchased the product at issue in Hardin County and was injured by it in Hardin County.

## IV. Facts

11. Defendants operate a factory in Texas where they prepare, freeze, package, and ship State Fair brand corn dogs.

12. In one particular box of corn dogs produced by Defendants in 2021, one of the corn dogs contained a stick with a one-inch fragment broken off inside the corn dog.

13. This box was packaged and frozen at Defendants' factory, shipped to the Walmart store in Lumberton, Texas, and stored there.

Filed: 1/21/2022 3:50 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Tracie Morgan

14. In December 2021, Plaintiff bought the box of corn dogs. The box was undamaged, and all the corn dogs contained in it appeared undamaged and remained in their original, undamaged plastic wrappings. Plaintiff and his wife took the box of corn dogs to their home nearby and immediately stored the box of corn dogs in their freezer.

15. On information and belief, the corn dogs were frozen from the moment they left Defendants' factory and remained frozen throughout their transportation to the Walmart store and their storage at the Walmart store to the time they were purchased by Plaintiff. On information and belief, when the corn dogs were purchased, they were in the same condition in which they left Defendants' factory. The corn dogs the remained frozen and remained in their original condition throughout their transportation from the store to Plaintiff's home and storage in Plaintiff's freezer.

16. A few days later, Plaintiff and his family removed, heated, and began eating some of the corn dogs, with Plaintiff unknowingly selecting the corn dog with the broken stick. Plaintiff swallowed the stick fragment, which became lodged in his throat and caused him to choke.

17. Plaintiff's wife rushed him to the emergency room. Physicians there examined Plaintiff and determined that it was necessary fly him by air ambulance to a hospital in Houston, where he was admitted and received further treatment.

18. In addition to the obvious pain and fear of choking on a broken stick, Plaintiff incurred significant medical expenses and missed several days of work because of this incident.

## V. CAUSES OF ACTION

19. ***Count 1—Strict Products Liability, Manufacturing Defect:*** The broken stick constituted a manufacturing defect that rendered the corn dog unreasonably dangerous. This defect was a producing cause of Plaintiff's injury. Defendants are liable to Plaintiff for damages arising from that injury.

20. ***Count 2—Negligence:*** Defendants breached their duty of ordinary care in manufacturing the corn dog with its broken stick. Under the circumstances, Defendants' negligence may be inferred under the doctrine of *res ipsa loquitur*. Their breach proximately caused Plaintiff's injury. Defendants are liable to Plaintiff for damages arising from that injury.

21. ***Count 3—Breach of Implied Warranties:*** The corn dog, with its broken stick, were in breach of the implied warranties of merchantability and fitness for a particular purpose. These breaches proximately caused Plaintiff's injury. Defendants are liable to Plaintiff for damages arising from that injury as well as attorney's fees pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code.



Filed: 1/21/2022 3:50 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Tracie Morgan

## VI. Damages

22. As detailed above, Plaintiff requests that he have judgment against Defendants for actual damages, including but not limited to:

   a. Medical expenses;

   b. Lost earning capacity;

   c. Pain and suffering;

   d. Mental anguish;

   e. Physical disfigurement; and

   f. Physical impairment.

23. As stated above, Plaintiff also requests recovery of his reasonable and necessary attorney's fees incurred in pursuit of his breach of warranty claim.

## VII. Conditions Precedent

24. All conditions precedent to Plaintiff's rights to recovery have occurred or have been fulfilled.

## VIII. Preservation of Evidence

25. Plaintiff hereby requests and demands that Defendants and their agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to statements, photographs, videotapes, audiotapes, recordings, business or medical records, bills, estimates, invoices, checks, measurements, equipment, vehicles,



Filed: 1/21/2022 3:50 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Tracie Morgan

correspondence, memoranda, files, facsimiles, email, voice-mail, text messages, or cellular telephone records. Failure to maintain such items will constitute "spoliation" of the evidence and may subject Defendants to sanctions.

## IX. PRAYER

26. For the reasons stated above, Plaintiff Joshua Woods respectfully requests that Defendants The Hillshire Brands Company and Tyson Foods, Inc., be duly cited to appear and answer herein, and that Plaintiff have and recover of Defendants judgment for actual damages, pre- and post-judgment interest, costs of court, and such other and further relief to which he may be entitled at law or in equity.



Filed: 1/21/2022 3:50 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Tracie Morgan

Respectfully Submitted,

**HUMPHREY LAW PLLC**

*/s/ Brian Humphrey*
**Brian Humphrey**
State Bar No. 24074456
TC Energy Center
700 Louisiana, Suite 3950
Houston, Texas 77002
brian@htx-law.com
Telephone: 713-364-2616
Facsimile: 832-827-3299
***Attorney for Plaintiff Joshua Woods***

**CERTIFIED**

I, DANA HOGG, District Clerk in and for HARDIN COUNTY, TEXAS, do hereby certify that the foregoing is a true and correct copy as same appears on record in my office.

Witness my Hand and Seal of Office, this the 16th day of February, 2022.

DANA HOGG, DISTRICT CLERK
HARDIN COUNTY, TEXAS

By Deputy: _____

